[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 17, 2006
THOMAS K. KAHN
CLERK

No. 05-13467
Non-Argument Calendar

_____

Agency No. A96-096-397

JAIME SOTO CARO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 17, 2006)**

Before TJOFLAT, ANDERSON and MARCUS, Circuit Judges.

PER CURIAM:

Jaime Soto Caro, a native and citizen of Colombia, through counsel,

petitions us for review of the Board of Immigration Appeals' ("BIA's") decision

affirming the Immigration Judge's ("IJ's") order finding him removable and denying his application for asylum and withholding of removal under sections 208 and 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158 and 1231(b)(3). Soto Caro claimed that he was persecuted by the Revolutionary Armed Forces of Colombia ("FARC"), a Colombian guerrilla group, because of his involvement with Liberal Party politics in Colombia. The BIA found that Soto Caro was not credible because he: (1) lived in the United States, and was not directly involved in Colombian politics, for most of the three years preceding the time when he claimed the FARC began to threaten him; (2) testified that he was kidnaped by the FARC and that he told his wife about it, although she did not report the kidnaping in the judicial denouncement she submitted to the Colombian police regarding the FARC's threats against their family; and (3) admitted that his home was vacant for nearly an entire year before FARC graffiti appeared on the building, although he alleged that the graffiti was a threat against him.

On appeal, Soto Caro argues that the BIA's adverse credibility determination was erroneous because Soto Caro presented testimony that was both internally consistent and consistent with his written application, without embellishment. Soto Caro contends that the adverse credibility finding did not go to the heart of his asylum claim, and that his testimony and the record establish that he suffered past

persecution and that it is more likely than not that he will be persecuted upon his return to Colombia.

Our review focuses strictly on the BIA's decision, "except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (internal citations omitted). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. (internal citations omitted). Here, we review the BIA's decision, as well as the IJ's, since a portion of the IJ's reasoning was incorporated into the BIA's conclusions.

The BIA's "findings of fact are reviewed under the substantial evidence test," and we must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Antipova v. United States Attorney General, 392 F.3d 1259, 1261 (11th Cir. 2004) (quotation omitted). Likewise, we review credibility determinations under the substantial evidence test. Forgue v. United States Attorney General, 401 F.3d 1282, 1286 (11th Cir. 2005). Substantial evidence is lacking only in those cases where the petitioner can carry the burden of establishing that the evidence of record was "so compelling that no reasonable fact finder could [have] fail[ed] to find" the petitioner qualified for asylum and withholding of removal. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 483-84, 112 S.Ct. 812, 817 (1992).

3

"The trier of fact must determine credibility, and [we] may not substitute [our] judgment for that of the IJ with respect to credibility findings." D-Muhumed v. United States Attorney General, 388 F.3d 814, 818 (11th Cir. 2004). Adverse credibility determinations must be made explicitly. See Yang v. United States Attorney General, 418 F.3d 1198, 1201 (11th Cir. 2005). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287 (citations omitted).

As an initial matter, Soto Caro cites several new pieces of evidence, describing conditions in Colombia, for the first time on appeal. We may not consider evidence outside the administrative record. INA § 242(b)(4)(A), 8 U.S.C. § 1252(b)(4)(A). Therefore, we do not consider Soto Caro's new evidence.

Soto Caro argues on appeal that he presented evidence of political activity, and resulting threats against him by the FARC, that was sufficient to demonstrate past persecution on account of his political opinions and a well-founded fear that his political opinions would cause future persecution if he returned to Colombia. An alien may obtain asylum if he is a refugee within the meaning of INA § 101(a)(42)(A). INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). A "refugee" includes any person who is unwilling to return to, and is unable or unwilling to

4

avail himself of the protection of, the country of his nationality or where he last habitually resided, because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). An alien is entitled to asylum if he can establish, with specific and credible evidence: (1) past persecution on account of political opinions or other statutorily listed factor; or (2) a "well-founded fear" that his political opinions or other statutorily listed factor will cause future persecution. 8 C.F.R. §§ 208.13(a), (b); Al Najjar, 257 F.3d at 1287. Neither the INA nor the regulations define "persecution."

We have indicated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Sepulveda v. U.S. Attorney General, 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations omitted). If an alien is unable to meet the "well-founded fear" standard for asylum, "he is generally precluded from qualifying for either asylum or withholding of removal." Al Najjar, 257 F.3d at 1292-93 (citation omitted).

Soto Caro's oral testimony and written evidence were inconsistent regarding his claim that he was persecuted because of his political activities in Colombia. Given the IJ's calculation that Soto Caro spent the majority of the time during

5

which he claimed to be persecuted in Colombia actually residing in the United States, the alleged persecution seems unlikely. The lack of corroborating evidence, either in the form of a police report or other testimony, supporting Soto Caro's alleged kidnaping and the supposed threats in graffiti made at his home, also belies his claim of persecution. Substantial evidence supports the BIA's factual determinations and the finding that Soto Caro was not credible.

In light of the BIA's adverse credibility findings regarding much of Soto Caro's testimony, the remaining evidence does not compel a finding that Soto Caro was threatened by the FARC, as a result of his political activity, at a level that would qualify as past persecution or establish a well-founded fear of future persecution. Because Soto Caro has failed to establish a claim of asylum on the merits, he necessarily fails to establish eligibility for withholding of removal.[1]

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Accordingly, Soto Caro's petition is denied.

**PETITION DENIED.**

---

[1] An alien shall not be removed to a country if his life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). If an alien is unable to meet the "well-founded fear" standard for asylum, "he is generally precluded from qualifying for either asylum or withholding of [removal]." Al Najjar, 257 F.3d at 1292-93 (citation omitted).